IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Love, ) | |
| ) | C/A No.: 4:08-0133-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Thomas Love filed an application for a period of disability and disability insurance benefits on April 27, 2005, alleging disability commencing December 5, 2003 because of a heart condition, depression, and anxiety. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on February 8, 2007. On May 11, 2007, the ALJ issued a decision that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. On November 16, 2007, the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. On February 2, 2009, the Magistrate Judge filed a Report and Recommendation in which he determined that the ALJ had failed to adequately consider and explain his evaluation of the combined effects of Plaintiff's impairments, particularly with respect to his determination of whether Plaintiff's impairments or combination of impairments met the listed impairments in 20 C.F.R. part 404,

Appendix 1. The Magistrate Judge also determined that the ALJ had failed to perform a listing analysis at step three of the sequential evaluation process. Accordingly, the Magistrate Judge recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and the case remanded for further administrative action. No party filed objections to the Report and Recommendation. On February 10, 2009, the Commissioner filed a notice that he would not file objections to the Report and Recommendation.

The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly,

It is ORDERED that the Commissioner's decision be reversed pursuant to sentence four of § 405(g) and the case be remanded for further administrative proceedings as set forth herein and in the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 18, 2008.