IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas L. Love, ) | |
| ) | C/A No. 4:08-0133-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    Plaintiff Thomas L. Love brought this action to obtain judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits. See 42 U.S.C. § 405(g). On February 18, 2009, the court remanded the Commissioner's decision pursuant to sentence four of § 405(g) for further administrative proceedings.

    This matter now is before the court on Plaintiff's motion for attorney's fees filed February 8, 2011. Counsel moves for an order awarding attorney's fees of $22,744.00 under the Social Security Act, 42 U.S.C. § 406(b).[1] On March 31, 2011, the Commissioner filed a response informing the court that he did not oppose Plaintiff's motion for fees, but suggesting that the $22,744.00 sought by Plaintiff constitutes a windfall. Plaintiff filed a reply on April 13, 2011, asserting that the court should honor the fee agreement entered into between Plaintiff and his counsel.

---

[1] Counsel has been awarded fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $2,380.00. Plaintiff's counsel will refund Plaintiff the previously ordered EAJA fee of $2,380.00, resulting in a net fee of $20,364.00.

Under Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002), a court must approach § 406(b) fee determinations by looking first to the contingent fee agreement, then testing it for reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. Id.; see Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005). Counsel for Plaintiff informs the court that she represented Plaintiff for nearly six years before he was awarded benefits. Counsel contends that the case involved complex legal issues related to administrative regulations governing the method by which social security adjudicators are to evaluate obesity. The court concludes that the contingent fee is reasonable. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for fees under 42 U.S.C. § 406(b) be **granted** in the amount of $22,744.00.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

July 14, 2011

Columbia, South Carolina